**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET# **SUCV2004-03235**

Terri J Pedato, et al
vs.
Fred Arrigg Jr MD

Notice sent: 10/30/06
J.G.A.
L.O.J.G.A.
K.W.   (md)
F & C

## FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL
(Pursuant to M.G.L. Chapter 231, Section 60(b) as amended)

The above entitled action came on for hearing before the appointed medical tribunal on **10/27/2006**, and was argued by counsel, and thereupon, upon consideration thereof, the plaintiff(s) offer of proof, pleadings, hospital records and other documents presented, the tribunal finds:

*(1) For the plaintiff(s) _____ and that the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*(2) ~~For defendant(s)~~ _____ ~~because the~~ ~~plaintiff(s)~~ _____ ~~action is merely~~ ~~an unfortunate medical result~~.

If a finding is made for the defendant or defendants in the above entitled action **the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of Six Thousand ($6,000.00) Dollars in the aggregate** secured by cash or its equivalent with the Clerk/Magistrate of this court, payable to the defendant or defendants in said action for costs assessed, including witness and expert fees and attorneys fees if the plaintiff(s) does/do not prevail in the final judgment. The presiding justice may, withing his/her discretion, increase the amount of the bond required to be filed. **If said bond is not posted within thirty (30) days of the tribunal's finding the action shall be dismissed**. Upon motion filed by the plaintiff(s), and a determination by the court that the plaintiff(s) is/are indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

Dated: **10/27/2006**

Justice of the Superior Court

_____
Associate Justice of the Superior Court Dept.

Legal Member:
_____
Attorney - Tribunal Member

Medical Member:
_____
*Physician - Tribunal Member
*Health Care Provider - Tribunal Member

*strike inapplicable words

cm

I HEREBY ATTEST AND CERTIFY ON
**10-30-06**, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By: _____

# MALPRACTICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

```
***************************
TERRI J. PEDATO, AS MOTHER AND    *
NEXT FRIEND OF RICHARD MORRILL    *
        Plaintiff                 *
                                  *
v.                                *
                                  *
FRED H. ARRIGG, JR., M.D.         *
        Defendant                 *
***************************
```

03 CV 12223 RGS

MAGISTRATE JUDGE

## PLAINTIFF'S COMPLAINT

### THE PARTIES

1. The plaintiff, Terri J. Pedato, brings this action on behalf of her minor son, Richard Morrill, date of birth, May 17, 1992.

2. The plaintiff, Terri J. Pedato, and her minor son, Richard Morrill, are residents of Danville, New Hampshire.

3. The defendant, Fred Arrigg, Jr., M.D., at all times material hereto was a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principal place of business in Lawrence, the County of Essex, Commonwealth of Massachusetts, and specialized in eye, ear, nose and throat surgery.



10. Following this repair surgery, on December 5, 2000, and as a result of the perforation by Dr. Arrigg, the plaintiff developed further, severe complications, including but not limited to a cholesteatoma, brain abscess and deafness in the right ear, all of which resulted in three more surgeries, on or about December 9, 2000, December 27, 2001 and July 26, 2002 respectively.

## COUNT I

(Negligence)

(Terri J. Pedato v. Fred H. Arrigg, Jr., M.D.)

10. Plaintiff incorporates each and every allegation herein, paragraphs 1 through ten.

11. That on or about September 9, 2000, the defendant, Fred H. Arrigg, Jr., M.D., provided substandard surgical care to the plaintiff, Richard Morrill, and as a result of said substandard care and negligence he perforated the plaintiff's right tympanic membrane during the surgery.

12. As a proximate result of the defendant's negligence, the minor plaintiff sustained severe injury, further complications, including but not limited to right-sided deafness, life-threatening infection, and required extensive medical care, hospitalization and a total of four surgeries to date, will require additional medical care, and has suffered a diminution of earning capacity, permanent disability and was otherwise injured as will be shown at the trial of this action.

WHEREFORE, plaintiff, Terry Mandigo, demands judgment against the defendant, Fred H. Arrigg, Jr., M.D., in the sum of $1,000,000.00.

## PLAINTIFF DEMANDS TRIAL BY JURY ON EACH AND EVERY ISSUE

### RAISED HEREIN

Dated: November 11, 2003

The Plaintiff,
By his attorney,
JOSEPH G. ABROMOVITZ, P.C.

_____
Joseph G. Abromovitz
BBO#011420
77 North Washington Street
Ninth Floor
Boston, MA 02114
PHONE: (617) 523-1080